RECEIVED
IN LAKE CHARLES, LA

AUG - 9 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * * * | CIVIL ACTION NO. 04-1981 |
| Plaintiff | * * | |
| and | * * | |
| RICHARD SHELTON, | * * | JUDGE MINALDI |
| Intervener | * * | |
| v. | * * | MAGISTRATE WILSON |
| TRAC-WORK, INC. | * * | |
| Defendant | * | |

## CONSENT DECREE

On September 28, 2004, the Equal Employment Opportunity Commission ("the Commission") instituted Civil Action Number 04-1981 in the United States District Court for the Western District of Louisiana, charging Defendant Trac-Work, Inc. ("Trac-Work"), with violation of Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)("Title VII"), alleging that Trac-Work discriminated against Mr. Richard Shelton ("Richard Shelton " or "Mr. Shelton") by subjecting him to a racially hostile work environment. The Commission's suit sought to provide relief for Mr. Shelton and similarly-situated unnamed individuals. The Commission and Trac-Work now wish to resolve all claims and controversies encompassed by this lawsuit without the burden, expense or delay of further litigation, subject, however, to the approval of this Court.

**THEREFORE, IT IS HEREBY AGREED BETWEEN THE COMMISSION AND TRAC-WORK AND ORDERED, ADJUDGED, AND DECREED** that:

## JURISDICTION AND PROCEDURAL MATTERS

1. This Court has jurisdiction over the subject matter of this lawsuit and over the parties to this lawsuit.

2. The purposes of Title VII will be furthered by the entry of this Decree, the terms of which constitute a fair and equitable settlement.

3. The negotiation, execution and entry of this Decree will resolve any and all claims of the Title VII violations brought by the Commission against Trac-Work arising out of Commission Charge Number 270-A2-02034, which was filed by Richard Shelton, and this lawsuit, Civil Action Number 04-1981.

4. This Decree relates only to the alleged violations of Title VII raised in Commission Charge Number 270-A2-02034 and by the Commission's suit. It is expressly acknowledged and agreed by the Commission and Trac-Work that this Decree does not relate to or purport to settle any other charges, claims or suits against Trac-Work.

5. Neither the negotiation, execution nor entry of this Decree shall constitute an admission by Trac-Work, that its officers, agents or employees have violated or have not been in compliance with Title VII or with any other applicable law, regulation or order.

## INDIVIDUAL RELIEF

6. Within thirty (30) days after the entry of this Decree Trac-Work shall pay the sum of $11,000.00 ("ELEVEN THOUSAND DOLLARS") as damages to Richard Shelton in return for a dismissal of this suit, Civil Action Number 04-1981.

# INJUNCTIVE RELIEF

## A. TRAINING

7. Trac-Work agrees to conduct, for the duration of this Decree, a bi-annual training program on Title VII and its anti-discrimination policies for 1) Tim Stelly, 2) all of Trac-Work's Lake Charles, Louisiana-based officers, managers, supervisors, and foremen, and 3) all of Trac-Work's officers, managers, and supervisors, and foremen who have any personnel-related responsibilities in Lake Charles, Louisiana, regardless of where these individuals are based or located. This training program shall include the topics of racial harassment and how to complain about and report work-place harassment. The initial training program shall be conducted within six (6) months from the entry of this Consent Decree. Six (6) months from the entry of this Consent Decree and bi-annually as further provided in paragraph 11 of this Decree, Trac-Work or its counsel shall report all training that it provided in compliance with this paragraph and paragraph 11 of this Decree to the Commission's New Orleans District Office Regional Attorney. These reports shall include the date(s) training occurred, the names and positions of those who attended the training session(s), and a summary of the subject matters covered during the training session(s).

## B. POSTING

8. In accordance with federal anti-discrimination laws that are enforced by the Commission, Trac-Work agrees to post conspicuously the Commission's poster entitled: "Equal Employment Opportunity Is The Law" in prominent and accessible places, where it can be readily observed by employees, temporary workers, and applicants for employment in Trac-Work's Lake Charles, Louisiana office location(s).

9. Trac-Work agrees to post its anti-discrimination policies, including its policy prohibiting work-place harassment, procedures for complaints and reports about work-place harassment, and the contact names, addresses and telephone numbers for complaining and reporting work-place harassment by posting same in conspicuous work-place location(s) that are accessible to all its employees and temporary workers in Lake Charles, Louisiana. Trac-Work further agrees to disseminate these same policies to all Trac-Work employees and temporary workers at its Lake Charles, Louisiana work-sites and obtain written acknowledgments of the receipt of these policies from such employees and temporary workers.

## C. ANTI-DISCRIMINATION POLICY AND PROCEDURES

10. Trac-Work agrees to maintain anti-discrimination policies, including its policies prohibiting work-place harassment and providing for employee complaints and reports about suspected work-place harassment. Trac-Work also agrees to maintain and utilize a progressive disciplinary policy against Trac-Work employees or temporary workers who commit work-place harassment.

## D. REPORTING

11. Trac-Work shall provide the Commission, through its Regional Attorney, a total of four (4) bi-annual written reports, beginning six months after the entry of this Decree and continuing in six-month intervals until expiration of this Decree's term. Each report shall set forth 1) the bi-annual training that has been conducted by Trac-Work in accordance with the requirements of paragraph 7 of this Decree and 2) all instances in which any employee complained about racial harassment or a racially hostile work environment during that six-month period. This report shall further provide an explanation concerning the facts surrounding the

complaint(s), Trac-Work's response(s) to the complaint(s), and any action taken by the employee or Trac-Work. In the event any complaints are reported, the EEOC shall have access, upon advance notice of at least 30 days to Trac-Work, to any documents that are in the control or possession of Trac-Work and/or its directors, officers, agents, employees, successors, and/or assigns, which the Commission deems necessary to examine in the process of evaluating the complaint in question to determine whether a violation of any law enforced by the Commission has occurred.

## DURATION

12. This Consent Decree shall remain in force for two years after the date of entry of this Decree.

## VALIDITY, ENFORCEMENT, AND MISCELLANEOUS PROVISIONS

13. Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected

thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

14. The Commission and Trac-Work will each bear its own attorneys' fees and costs incurred in connection with the litigation of this lawsuit.

15. This Court shall retain jurisdiction over this action for the purpose of enforcing this Decree, if necessary; and either party is empowered to enforce this Decree through the applicable judicial enforcement procedures.

16. This Decree sets forth the entire agreement between the Commission and Trac-

Work, and it fully supersedes any and all prior agreements or understandings between the Commission and Trac-Work pertaining to the subject matter herein. There are no other provisions, agreements or understandings that are contained herein; and this Decree cannot be altered by oral agreement between the parties, but only by written Court-ordered modification.

**IT IS SO ORDERED.**

Lake Charles, Louisiana, this _8_ day of _August_, 2005.

_____
UNITED STATES DISTRICT JUDGE

SUBMITTED AND APPROVED BY:

Date: 7/27/05

ERIC S. DREIBAND
General Counsel
No Bar Roll Number

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
No Bar Roll Number

_____
KEITH T. HILL
Regional Attorney
Bar Roll Number 15200000

_____
MICHELLE T. BUTLER
Supervisory Trial Attorney
Bar Roll Number 1286

_____
N. ELEANOR GRAHAM
Senior Trial Attorney
Bar Roll Number 16946
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New Orleans District Office
701 Loyola Avenue
Suite 600
New Orleans, LA 70113
Telephone:  (504) 589-6922
            (504) 589-6817
Facsimile:  (504) 589-2805

and-

FORRESTER, JORDAN & DICK, L.L.C.
Attorneys at Law
7809 Jefferson Hwy., Building G
Baton Rouge, LA 70809
225-928-5400

By: _____
Jason A. Bonaventure (255578)
Rachelle D. Dick (18865)
Amanda G. Clark (24432)

ATTORNEYS FOR DEFENDANT
TRAC-WORK, INC.

-and-

RICHARD LAW FIRM, L.L.C.

By: _____
Ronald C. Richard (26628)
Melanie S. Smith (27883)
One Lakeshore Drive, Suite 1800
Lake Charles, LA 70669
Telephone: (337) 494-1900
Facsimile: (337) 494-1793

8